**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| CHARLES E. LANE, IV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| LOWE'S HOME CENTERS, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Lowe's Home Centers, LLC ("Lowe's"), by the undersigned counsel, files this Notice of Removal of this action from the Superior Court of Merrimack County, New Hampshire to the United States District Court for the District of New Hampshire. In support of this Notice of Removal, Lowe's states:

1.      Plaintiff Charles E. Lane, IV commenced an administrative proceeding against Lowe's on April 6, 2022 by dually filing a charge of discrimination with the New Hampshire Commission for Human Rights and the United States Equal Employment Opportunity Commission, titled *Charles E. Lane, IV v. Lowe's Home Centers, LLC*, EEOC No. 16D-2022-00074, FEPA No. EF(R) 00078-22, pursuant to NH RSA 354-A and Title VII of the Civil Rights Act of 1964, as amended (the "Agency Action"). In the Agency Action, Plaintiff alleged that Lowe's discriminated against him based on religion when he was placed on unpaid leave as a religious accommodation. On June 24, 2024, Plaintiff filed an Amended Charge of Discrimination ("First Amended Charge") in the Agency Action, alleging that

Lowe's retaliated against him for filing the original Charge by: (1) singling him out from other workers, (2) monitoring his productivity on June 3, 2022 and June 9, 2022, (3) and issuing him an Initial Warning on June 12, 2022. On March 14, 2025, Plaintiff filed a Second Amended Charge of Discrimination ("Second Amended Charge") in the Agency Action, alleging that Lowe's retaliated against him for requesting a disability-related accommodation on June 4, 2022 when Lowe's issued him a written warning on June 12, 2022. A copy of the Charges of Discrimination is attached hereto as **Exhibit 1**.

2.    On July 16, 2025, the Commission issued a Notice of Probable Cause as to the claims of retaliation and failure to accommodate Plaintiff's religion. A copy of the Notice of Probable Cause is attached hereto as **Exhibit 2**.

3.    On August 15, 2025, Lowe's moved for reconsideration of the Commission's Notice of Probable Cause.

4.    On October 27, 2025, the Commission denied Lowe's request for reconsideration.

5.    On February 11, 2026, the parties unsuccessfully participated in conciliation.

6.    On February 24, 2026, Lowe's removed the Agency Action to the Superior Court of Merrimack County, New Hampshire, titled *Charles E. Lane, IV v. Lowe's Home Centers, LLC*, Case No. 217-2026-CV-00154 (the "State Court Action"). A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit 3**.

7.    Pursuant to 28 U.S.C. § 1446 (a), copies of the Complaint and all other process, pleadings, and orders served on Defendant in the State Court Action are attached hereto as **Exhibit 4**.

8.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within 30 days after Lowe's receipt of a copy of an initial pleading setting forth the claim or relief upon which this action is based.

## FEDERAL QUESTION JURISDICTION

9.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges claims under Title VII, a federal statute, so his claims arise under the Constitution, laws, or treaties of the United States. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

## DIVERSITY JURISDICTION

10.      This case is also removable based on diversity of citizenship under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

### A.      The Parties Are Diverse.

11.      Plaintiff is a citizen of the State of New Hampshire. (Compl. ¶ 1.)

12.      Defendant Lowe's Home Centers, LLC is a limited liability company whose sole member is Lowe's Companies, Inc. Lowe's Companies, Inc. is a corporation organized under the laws of North Carolina. (*See* **Exhibit 5**, Declaration of Grace Ridley ("Ridley Decl.") ¶¶ 3-5.) The citizenship of a limited liability company is determined by the citizenship of each of its members. *See Pramco, LLC ex rel. CFSC Consortium, LLC vs. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54–55 (1st Cir. 2006) (holding that citizenship of a limited liability company is determined by the citizenship of its members); *see also*, *D.B.*

*Zwirn Special Opportunities Fund, L.P .vs. Mehrota*, 661 F.3d 124, 125 (1st Cir. 2011) (per curiam). Therefore, Defendant is a citizen of the State of North Carolina.

13.     Accordingly, none of the parties in interest, properly joined and served as a defendant, is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b).

**B.      The Amount In Controversy Exceeds $75,000.**

14.     In his Complaint, Plaintiff alleges that he is entitled to unspecified amounts for lost wages and benefits, lost earning capacity, and compensatory damages. (*See, generally,* **Exhibit 1,** Charges of Discrimination.)

15.     Plaintiff's employment with Lowe's ended on or about July 23, 2023. (*See* Ridley Decl. ¶ 7.) At that time, Plaintiff's approximate annualized annual salary was $36,171.20.00 based on approximately 40 hours per week. (Ridley Decl. ¶ 8.) From July 2023 through the time of this filing, Plaintiff's annual back pay alone is approximately $94,602.00. (Ridley Decl. ¶ 8.) If Plaintiff's claimed lost wages are calculated through trial, which would likely not take place for at least another year, Plaintiff could potentially recover approximately $130,773.00 of back pay. Adding any potential award for front pay to the calculation would further exceed the jurisdictional threshold amount.

16.     Consequently, the amount in controversy exceeds the jurisdictional minimum required under 28 U.S.C. § 1332(a) because Plaintiff's claimed damages in this case easily exceed $75,000.[1]

---

[1] In making the foregoing calculations of approximate damages, Lowe's does not imply that Plaintiff is entitled to any relief in this action. To the contrary, Lowe's maintains that Plaintiff is not entitled to any of the purported damages or other relief sought in the Complaint.

17.     The foregoing is competent proof that Plaintiff seeks damages in excess of $75,000.

18.     Because diversity of citizenship exists under 28 U.S.C. § 1332(a)(1) and the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332, this case falls with the jurisdiction of this Court and is subject to removal on diversity grounds.

## VENUE AND NOTICE

19.     Because this action is pending in the Superior Court of Merrimack County, New Hampshire, venue for purposes of removal is proper in this Court pursuant to 28 U.S.C. § 1441(a).

20.     Lowe's has not yet answered the Complaint nor filed any other responsive papers in the State Court Action.

21.     Prompt written notice of this Notice of Removal is being sent to Plaintiff and to the Clerk of Court of the Superior Court of Merrimack County, New Hampshire, as required by 28 U.S.C. § 1446(d).  A copy of the notice is attached as **Exhibit 6**.

22.     The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that Defendant's legal contentions are warranted by existing law. The undersigned, likewise, certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

23.     Lowe's submits this Notice of Removal without waiving any defenses available at law, in equity, or otherwise to the claims asserted by Plaintiff or conceding that Plaintiff has any claims upon which relief may be granted.

5

24.     Should Plaintiff seek to remand this case to state court, Defendant respectfully asks that it be permitted to brief and argue the issue of this removal before any order remanding this case. In the event the Court decides remand is proper, Defendant asks that the Court retain jurisdiction and allow Defendant to file a motion asking this Court to certify any remand order for interlocutory review by the Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendant Lowe's Home Centers, LLC hereby removes this action pending in the Superior Court of Merrimack County, New Hampshire to this honorable Court.

Dated: March 13, 2026                          Respectfully submitted,

LOWE'S HOME CENTERS, LLC

By   */s/ William P. Perkins*
     William P. Perkins, Bar No. 265418
     SEYFARTH SHAW LLP
     620 Eighth Avenue
     New York, NY 10018
     Phone: (212) 218-4642
     E-mail: wperkins@seyfarth.com

     Mona L. Smith (*pro hac vice forthcoming*)
     SEYFARTH SHAW LLP
     233 South Wacker Drive, Suite 8000
     Chicago, Illinois  60606-6448
     Telephone: (312) 460-5000
     Facsimile: (312) 460-7000
     mlsmith@seyfarth.com

     Attorneys for Defendant Lowe's Home
     Centers, LLC

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney hereby certifies that on March 13, 2026, he served the foregoing "*Defendant's Notice Of Removal*" on Plaintiff by U.S. regular mail, proper postage prepaid, and email, as follows:

Charles E. Lane, IV
357 North State Street
Concord, NH 03301
kounselor.1978@gmail.com

By:  */s/ William Perkins*
William P. Perkins
One of the Attorneys for Respondent
Lowe's Home Centers, LLC

324184020v.3